# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA BREZINSKI, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WIDENER UNIVERSITY,<br><br>　　　　　　Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Student Sara Brezinski ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Widener University ("Widener" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Widener, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2. Widener is one of the country's preeminent private universities, with an enrollment of over 6,000 students. Widener offers over 50 undergraduate majors, 40 minors, and more than 30 graduate programs of study.

3. Plaintiff and Widener entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-

person educational services, experiences, opportunities, facilities, and other related services. The terms of the contractual agreement where set forth in publications from Widener, including The Widener's 2019-2020 Course Catalog ("Course Catalog"),[1] Widener's Course Registration function, and course-specific syllabi.

4.  When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog and Course Registration to make specific course selections prior to registering and paying for selected courses.

5.  The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, and a description of the course. Online courses were clearly represented as such, and course descriptions for in-person classes made no mention of remote learning, as shown in the examples below:



---

[1] https://catalog.widener.edu/index.php?catoid=9

6. Indeed, Widener's Course Registration function specifically allows for students to search for courses to enroll in based on "Locations," which includes options for "Main Campus" or "On-Line," as seen below:

```
Locations
☐ Main Campus (104)
☐ On-Line (54)
☐ Hybrid - Main Campus (47)
☐ Other (6)
☐ NURSING - HARRISBURG CAMPUS (2)
☐ Law School, HB (1)
```

7. Other publications from Widener reference the in-person nature of the Spring Semester 2020 course offerings, including course-specific syllabi and Widener's Academic Regulations, including its policy on Class Attendance,[2] which detail the policies, procedures, and expectations of Widener's students. Course-specific syllabi include the course's physical campus location (building and classroom number) along with meeting dates and times. Widener's Class Attendance policy also emphasizes the importance of in-person learning.[3]

8. The Attendance Statement, for example, describes the policies regarding classroom absences. Students are informed that "[r]egular attendance and class participation are important factors in student learning," and faculty are "expected to articulate this idea," as well as "monitor student progress and attendance regularly." *Id.*

9. On March 11, 2020, Widener announced on its website that "the University has

---

[2] https://catalog.widener.edu/content.php?catoid=9&navoid=260
[3] https://catalog.widener.edu/content.php?catoid=9&navoid=260#class-attendance

3

cancelled all <u>in-person</u> classes as of tomorrow, March 12, for the remainder of the semester" and that all classes "will resume <u>on-line</u> via zoom on March 19th." (emphasis in original).[4]

10. Thus, Widener has not held any in-person classes since March 11, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

11. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. The online learning options being offered to Widener students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

12. Nonetheless, Widener has not refunded any tuition or mandatory fees for the Spring 2020 semester. Widener did not provide in-person education, experiences, or related services for approximately 50% of the Spring Semester 2020.

13. Plaintiff and the putative class did not enter into an agreement with Defendant for online education, but rather sought to receive in-person education from Widener. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

14. Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the

---

[4] https://commonwealthlaw.widener.edu/current-students/coronavirus/

4

Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

15. Plaintiff Sara Brezinski is a citizen of Pennsylvania who resides in Philadelphia. Plaintiff is a pursuing a Master's of Education in Human Sexuality Studies at Widener University. Plaintiff paid approximately $5,800 out-of-pocket to Defendant in tuition and mandatory fees for the Spring 2020 semester. Plaintiff has not received a refund for any portion of the Spring Semester 2020 tuition, or for the Health Fee paid, despite that in-person classes have not been held since March 11, 2020 and the campus has been effectively shut down. Since classes have switched to online format, Plaintiff has not received the benefit of in-person instruction, peer collaboration, or equivalent access to university faculty, facilities, and services. None of these resources are available to Plaintiff while in-person classes have been suspended through the end of the Spring Semester.

16. Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiff consulted the Course Catalog and Course Registration function and enrolled in courses for the Spring 2020 semester. In consulting these materials, Plaintiff understood and believed that every course in which she enrolled was to be taught in-person. Plaintiff's understanding and belief was based on the course description which did not mention online learning (unlike course descriptions for online courses) and that the Course Registration function clearly indicated the location for her courses was Widener's "Main Campus," as opposed to "On-Line." Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have paid as much, if any, tuition and fees for the Spring 2020 semester at Widener had she known that the courses would not, in fact, be taught in-person.

5

17. Defendant Widener University is a private university with its principal place of business at One University Place, Chester PA 19013.

## JURISDICTION AND VENUE

18. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This Court has personal jurisdiction over Defendant because it is headquartered in this District, and many of the acts and transactions giving rise to this action occurred in this District.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant and Plaintiff are residents of this District. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

*<u>Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020</u>*

21. Plaintiff and Class members are individuals who paid the cost of tuition and other fees for the Spring 2020 Semester at Widener.

22. Spring Semester 2020 classes at Widener began on or about January 13, 2020. Classes for the semester are scheduled to end on or around May 8, 2020.

23. Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other fees associated with the Spring Semester 2020.

24.     Spring 2020 undergraduate tuition at Widener is approximately $23,189. Other fees include but are not limited to a Student Activity Fee ($165 per semester) and a Technology Fee ($310 per semester). Certain undergraduate programs such as Engineering and Nursing also charge additional mandatory fees each semester.

25.     Spring 2020 graduate tuition at Widener varies on area of study, as depicted in the chart below:

| 2019-2020 TUITION RATES AND FEES | Per Credit |
|---|---|
| **MASTERS COURSES** *(course numbers 500-699)* | |
| Allied Health Education | $ 800.00 |
| Business | $ 1,040.00 |
| Business Online Program | $ 1,004.00 |
| Criminal Justice | $ 750.00 |
| Education | $ 800.00 |
| Engineering | $ 1,186.00 |
| Hospitality Management | $ 844.00 |
| Human Sexuality | $ 860.00 |
| Nursing | $ 962.00 |
| Organizational Development & Leadership | $ 800.00 |
| Public Administration | $ 750.00 |
| Social Work | $ 860.00 |
| Social Work Online Program | $ 872.00 |

| DOCTORAL COURSES *(course numbers 700-999)* | Per Credit |
|---|---|
| Education | $ 1,010.00 |
| Human Sexuality | $ 1,060.00 |
| Nursing | $ 990.00 |
| Occupational Therapy | $ 988.00 |
| Physical Therapy | $ 968.00 |
| PSY D | $ 1,178.00 |
| Social Work | $ 964.00 |

| DOCTORAL-FULL TIME | Semester | Annual |
|---|---|---|
| Psychology – First Year | $ 17,465.00 | $ 34,930.00 |
| Psychology – Fall 2018 cohort | $ 17,123.00 | $ 34,246.00 |
| Psychology – Fall 2017 cohort | $ 16,787.00 | $ 33,574.00 |
| Psychology – Fall 2016 cohort | $ 16,457.50 | $ 32,915.00 |
| Psychology – Pre 2016 cohorts | $ 15,949.00 | $ 31,898.00 |
| PSY D Joint Program Fee (MBA, MCJ, HSED) | | $ 860.00 |

26.     Graduate students are also charged Technology Fees which vary based on the number of credits the student is enrolled in, as well as a $25 per semester Graduate Student Fee.

27.     The tuition and fees described in the paragraph above is provided by way of

example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, Widener Cancelled All In-Person Classes*

28. On March 11, 2020, Widener announced that because of the global COVID-19 pandemic, all in-person classes would be cancelled beginning March 12, 2020 through the rest of the semester, and that classes will resume in online format starting March 19, 2020.

29. Since approximately March 11, 2020, Widener has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial have only had access to minimum online education options.

30. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

31. Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

32. Defendant markets its on-campus experience as a benefit of enrollment on Widener's website:







33. The online learning options being offered to Widener students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

34. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Widener are higher than tuition and fees for other online courses/programs because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

35. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

36. Plaintiff seeks to represent a class defined as all people who paid Widener Spring Semester 2020 tuition and/or fees for in-person educational services that Widener failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the

Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

37. Plaintiff also seeks to represent a subclass defined as Class members who reside in Pennsylvania (the "Subclass").

38. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

39. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

40. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

 (b) whether Defendant has provided the services for which Class and Subclass members contracted;

 (c) whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

 (d) whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

 (e) whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

41. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

42. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

43. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs

committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

44. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

45.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

47.     Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. Each Class and Subclass member entered a materially identical contractual relationship with Defendant.  The terms of the parties' contractual relationship are set forth in publications from Widener, including the 2019-2020 Course Catalog and Course Registration function.

48.     When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog and Course Registration function to make specific course selections prior to registering and paying tuition and fees for those selected courses.  These materials constitute an offer to enter a contractual agreement.

49.     The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, and online courses were clearly described as such, while in-person courses made no mention of online learning.

50.     Indeed, the Course Registration function allowed students to search and register for classes based on "Location" and then search for "Main Campus," or "On-Line."

51. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

52. Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirety of the Spring Semester 2020. The provisions of the contract breached by Defendant include, but are not limited to, the fact that the Course Catalog did not make any reference to the administration of in-person courses in an online format, and the Course Registration function clearly indicated that courses were to be held on Widener's "Main Campus" as opposed to "On-Line."

53. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services from March 11, 2020 through the end of the Spring 2020 semester. Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

54. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

55. As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no

be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Widener has not held in-person classes since March 11, 2020.

56. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

57. Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided since Widener has not held in-person classes since March 11, 2020. In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

## COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass In The Alternative)**

58. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59. Plaintiff brings this claim, in the alternative, individually and on behalf of the members of the Class and Subclass against Defendant.

60. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

61. Defendant voluntarily accepted and retained this benefit by accepting payment.

62. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Widener has not held in-person classes since March 11, 2020.

63. It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff's and Class Members' overpayments.

64. Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Members may seek restitution.

## COUNT III
### Conversion
### (On Behalf Of The Class And Subclass)

65. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

67. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

68. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

69. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Widener has not held in-person classes since March 11, 2020.

70. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

71. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

72. Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Widener has not held in-person classes since March 11, 2020.

## COUNT IV
### Money Had And Received
### (On Behalf Of The Class And Subclass)

73. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

75. Plaintiff and members of the Class and Subclass paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

76. Defendant has retained the monies paid by Plaintiff and members of the Class and Subclass for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

77. Defendant is in possession of and holds money that belongs to Plaintiff and the members of the Class and Subclass in equity and good conscience.

78. Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class and Subclass paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

79. Defendant's unlawful retention of Plaintiff's and Class Members' and Subclass Members' funds has damaged Plaintiff and the members of the Class.

80. Defendant owes Plaintiff and members of the Class and Subclass for money had and received, including, but not limited to, the amount of Plaintiff's and Class Members' and Subclass Members' pro-rated tuition and fees for the Spring Semester 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and appointing Bursor & Fisher, P.A. as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class and Subclass her reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 6, 2020

Respectfully submitted,

By:    *s/Joseph N. Kravec, Jr.*
       Joseph N. Kravec, Jr.

**FEINSTEIN DOYLE PAYNE**
  **& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: jkravec@fdpklaw.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* app. forthcoming)
Alec M. Leslie (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
       aleslie@bursor.com

*Attorneys for Plaintiff*