**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARA BREZINSKI, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 2:20-cv-04939 |
| Plaintiff, | : | |
| v. | : : | |
| WIDENER UNIVERSITY, | : : | |
| Defendant. | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant's

Motion for Protective Order, and any response thereto, it is hereby ORDERED and DECREED

that said Motion for Protective Order is GRANTED. Plaintiff is hereby prohibited from deposing

President Julie E. Wollman, Ph.D.

BY THE COURT:

_____

                                                    J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARA BREZINSKI, individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. |
| | : | 2:20-cv-04939 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF PRESIDENT JULIE E. WOLLMAN, PH.D.

Defendant, Widener University ("the University" or "Defendant"), by and through its undersigned counsel, hereby respectfully requests that this Court enter a protective order pursuant to Federal Rule of Civil Procedure 26 prohibiting Plaintiff from deposing Widener University President Julie E. Wollman, Ph.D., and in support hereof avers as follows:

1.      Plaintiff filed her Complaint on October 6, 2020 alleging, *inter alia*, breach of contract, and seeking tuition and fee refunds due to the University's campus closure and pivot to remote learning during the Spring 2020 Semester as a result of the COVID-19 pandemic and mandates issued by federal, state, and local officials.

2.      On November 30, 2020, the University filed a Motion to Dismiss Plaintiff's Complaint. That Motion is pending before this Court.[1]

---

[1] Plaintiff's Complaint is one of many filed against institutions of higher education that seek tuition and fee refunds. To date, 29 of these actions have been dismissed in their entirety by courts across the country, including *Brooke Ryan, individually and on behalf of all others similarly situated, v. Temple University*, 5:20-cv-02164-JMG (Gallagher, J.) in the Eastern District of Pennsylvania, and *Claire Hickey, et al., on behalf of themselves and all others similarly situated, v. University of Pittsburgh*, 2:20-cv-690 (Stickman, IV, J.) in the Western District of Pennsylvania.

3.     In accordance with this Court's Amended Scheduling Order dated August 3, 2021, the parties have engaged in paper discovery.[2]

4.     On July 29, 2021, presumably upon review of the University's produced documents, Plaintiff's counsel provided the names of several University administrators and/or employees whose depositions Plaintiff intends to notice for depositions. *See* July 29, 2021 email correspondence from Plaintiff's counsel, a true and correct copy of which is attached hereto as Exhibit "A".

5.     Among the University administrators and employees listed for deposition are: Christian Johnson, former Dean of the Widener University Commonwealth Law School; Thomas Malloy, Associate Vice President Enrollment Management; Joanne Keating, Associate Vice President Learning and Client Experiences; Kathryn Herschede, Vice President for Strategic Initiatives and Chief of Staff; and Gregory Potter, Associate Vice President for University Relations.  *See* Ex. A.[3]

6.     On August 3, 2021, Plaintiff then issued a Notice of Deposition for Widener University President Julie E. Wollman, Ph.D. *See* August 3, 2020 Notice of Deposition of Julie E. Wollman, Ph.D., a true and correct copy of which is attached hereto as Exhibit "B".

7.     Plaintiff has not yet noticed depositions of any other individuals.

8.     Rather, Plaintiff has selected the University President as the first deponent in discovery.

---

[2] To date, the University has produced 44,231 documents.

[3] The Widener University Commonwealth Law School is not a named party to this action.  As such, the necessity for the deposition of the former Dean of the Law School will be addressed in a separate motion if needed.

9.      President Wollman, as chief executive officer of the University, is not a likely target for factual discovery.  As with any chief executive, the President of Widener University makes policy decisions, but she is not the source of factual information on which those decisions are based.  Instead, her decisions are informed, supported, guided, and assisted by University administrators, including the President's Leadership Team, the members of which meet regularly and manage many different areas of University strategic initiatives and operations based upon each individual's area of expertise and responsibility.

10.      President Wollman also works with multiple teams of advisers, who marshal facts and maintain many front-line contacts.

11.      As evidenced by Plaintiff's list of University administrators and/or employees she intends to depose, Plaintiff's counsel clearly is aware of individuals other than the President who are more likely to possess specific factual information or knowledge and expertise relevant to this suit.

12.      Even absent the global pandemic President Wollman's deposition would be burdensome and disruptive. The President's normal responsibilities as the chief executive are very weighty and her schedule is exceedingly demanding because she is responsible for daily making informed decisions that may affect any or all facets of University operations.

13.      Adding to President Wollman's normal responsibilities, for the first time since the March 2020 Covid-19 shut down, the University reopened its campuses on August 2, 2021 to all staff, faculty, and employees, and later in the month it will reopen to students all academic and residential facilities, in a period fraught with the new Delta variant and requirements for vaccination and masking.

14.     Plaintiff thus has noticed University President Wollman's deposition during a time when nearly all University resources and the full attention of President Wollman will be directed to overseeing the smooth and safe reopening of its campuses, all while the COVID-19 pandemic and Delta variant continue to rage across the nation and challenge reopening.

15.     Counsel for Defendant has discussed with Plaintiff's counsel these considerations and stated that Defendant would not agree to make President Wollman because the deposition would interfere unreasonably with President Wollman's responsibilities, because she is not a fact witness, and because there are other witnesses, including some of the administrators whom Plaintiff already has indicated she intends to depose, who would be more likely sources of factual information. (Defendant notes, however, that one of those listed by Plaintiff, Christian Johnson, former Dean of the Widener University Commonwealth Law School, is not a likely source of any factual information and the Law School of which he was the Dean, is not a party to this action).

16.     Not only will President Wollman's deposition be an unreasonable intrusion and distraction that will interfere unnecessarily with the performance of her obligations, but the deposition will not likely lead to any information that is relevant or reasonably likely to lead to information relevant to Plaintiff's breach of contract and related claims.

17.     The central question of this suit—whether a contract for in-person instruction and classes exists—is a legal question that cannot be answered by the University's President.

18.     Thus, the deposition of President Wollman would cause Defendant unnecessary and unreasonable annoyance, harassment, and interference, would unduly burden the University and force the University to incur additional expense and disruption, all while near identical tuition refund cases across the nation and within this very Court are being dismissed.

19.     Therefore, Defendant respectfully submits that the deposition of President Wollman should be prohibited.

20.     The proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(2)(C) permit a court to limit discovery where it can be obtained from another source that is more convenient, less burdensome, or less expensive.

21.     Further, Federal Rule of Civil Procedure 26(c) provides that a party may seek a protective order to protect a party from, *inter alia*, undue burden or expense, and that the Court may, upon a showing of good cause, take action forbidding certain discovery and/or establishing terms related to same.

22.     In recognizing that depositions of high-level corporate officers severely burden those officers and the entities they represent, this Court follows the apex doctrine.

23.     The apex doctrine "is the application of the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard or, on a party's motion for a protective order, constitutes 'good cause' for such an order as an 'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1). Should the deposing party fail to overcome this presumption, the court must then limit or even prohibit the deposition." *U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, CV 06-3213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015) (citation and internal quotations omitted).

24.     To determine whether the presumption is rebutted, courts utilize the following factors: (1) whether the high-level officer "possess[es] personal or superior unique knowledge;" and (2) "whether the information could be obtained from lower level employees or through less burdensome means, such as interrogatories." *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008).

5

25.    Plaintiff's counsel has not demonstrated how President Wollman has any superior or unique knowledge of any subject relevant to this suit.

26.    And, as demonstrated by the very list of University employees and administrators Plaintiff's counsel provided, several other lower-level University employees exist who can be deposed.

27.    The University therefore requests this Court enter a protective order prohibiting Plaintiff from deposing President Wollman, the chief executive officer of the University.

28.    In the alternative, the University requests this Court enter a protective order precluding the deposition of President Wollman unless and until Plaintiff can demonstrate that such testimony is essential and not simply harassing and cumulative of the testimony of other University administrators and employees.

**WHEREFORE**, for all the foregoing reasons, as well as those set forth in the attached Memorandum of Law, Defendant respectfully requests this Court issue a Protective Order prohibiting the deposition of President Julie E. Wollman, Ph.D.


                                    Respectfully submitted:

                                    **LAMB MCERLANE PC**

Date: <u>August 10, 2021</u>          By:    <u>/s/ *James C. Sargent, Jr.*</u>
                                    James C. Sargent, Esquire
                                    Rocco P. Imperatrice, III, Esquire
                                    Kathleen O'Connell Bell, Esquire
                                    3405 West Chester Pike
                                    Newtown Square, PA 19073
                                    Telephone: 610-353-0740
                                    Facsimile: 610-353-0745
                                    ***Counsel for Defendant***
                                    ***Widener University, Inc.***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARA BREZINSKI, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION NO. 2:20-cv-04939 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY, | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER PROHIBITING THE DEPOSITION**
**OF PRESIDENT JULIE E. WOLLMAN, PH.D.**

Defendant, Widener University ("University"), by and through its undersigned counsel, hereby submits the following Memorandum of Law in support of Defendant's Motion for Protective Order Regarding the Deposition of President Julie E. Wollman, Ph.D.

## I.   BACKGROUND

Plaintiff filed her Complaint on October 6, 2020 alleging, *inter alia*, breach of contract, and seeking tuition and fee refunds due to the University's campus closure and pivot to remote learning during the Spring 2020 Semester as a result of the COVID-19 pandemic and mandates issued by federal, state, and local officials. The University filed a Motion to Dismiss Plaintiff's Complaint, which is pending before this Court.[4] In accordance with this Court's Amended Scheduling Order dated August 3, 2021, the parties have engaged in paper discovery.[5]

---

[4] Plaintiff's Complaint is one of several filed against institutions of higher education that seeks tuition and fee refunds. To date, 29 of these actions have been dismissed in their entirety by courts across the country, including *Brooke Ryan, individually and on behalf of all others similarly situated, v. Temple University*, 5:20-cv-02164-JMG (Gallagher, J.) in the Eastern District of Pennsylvania, and *Claire Hickey, et al., on behalf of themselves and all others similarly situated, v. University of Pittsburgh*, 2:20-cv-690 (Stickman, IV, J.) in the Western District of Pennsylvania.

[5] To date the University has produced 44,231 documents.

On July 29, 2021, presumably upon review of the University's produced documents, Plaintiff's counsel provided the names of several University administrators and/or employees for deposition. *See* July 29, 2021 email correspondence from Plaintiff's counsel, a true and correct copy of which is attached hereto as Exhibit "A". Among the University administrators and employees listed for deposition are: Christian Johnson, former Dean of the Widener University Commonwealth Law School; Thomas Malloy, Associate Vice President Enrollment Management; Joanne Keating, Associate Vice President Learning and Client Experiences; Kathryn Herschede, Vice President for Strategic Initiatives and Chief of Staff; and Gregory Potter, Associate Vice President for University Relations. *See* Ex. A.

However, on August 3, 2021, Plaintiff inexplicably issued a Notice of Deposition for President Julie E. Wollman, Ph.D. *See* August 3, 2020 Notice of Deposition of Julie E. Wollman, Ph.D., a true and correct copy of which is attached hereto as Exhibit "B". Despite identifying other individuals to be deposed, Plaintiff has not noticed their depositions or the deposition of any other individual. Instead, Plaintiff targeted the University president as the first individual to give testimony in this suit.

## II.   QUESTION PRESENTED

Should the Court enter a Protective Order pursuant to Federal Rule of Civil Procedure 26 prohibiting Plaintiff from deposing President Julie E. Wollman, Ph.D.?

**Suggested Answer**:  Yes.

## III.   LEGAL STANDARD

Under the proportionality standards governing discovery, a court, "[o]n motion or on its own, . . . must limit the frequency or extent of discovery otherwise allowed by these rules or by

local rule if it determines that: the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." FED.R.C.P. 26(b)(2)(C).

Further, a party may move the court, for good cause shown, for an order protecting the party from annoyance, embarrassment, or undue burden or expense. FED.R.C.P. 26(c)(1). The party may seek to limit the scope of the disclosure or discovery of certain matters. *Id.* A protective order may: (i) forbid or specify terms for disclosure or discovery; (ii) prescribe an alternate method of discovery; (iii) forbid inquiry into certain matters; (iv) direct the timing, means and scope of discovery; or (v) require that a trade secret or other confidential commercial information not be revealed or be revealed only in a specified way. *Id.*

In the Third Circuit, "good cause" exists if "disclosure will work a clearly defined and serious injury." *Glenmede Trust v. Thompson*, 56 F.3d 476, 483 (3d. Cir. 1995) The Third Circuit has identified "several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether 'good cause' exists":

1. Whether disclosure will violate any privacy interests;

2. Whether the information is being sought for a legitimate purpose or for an improper purpose;

3. Whether disclosure of the information will cause a party embarrassment;

4. Whether confidentiality is being sought over information important to public health and safety;

5. Whether the sharing of information among litigants will promote fairness and efficiency;

6. Whether a party benefitting from the order of confidentiality is a public entity or official; and

7. Whether the case involves issues important to the public.

*Id.* (citation omitted).

IV.     **LEGAL ARGUMENT**

The deposition of President Wollman, sought prior to any other deposition testimony, and with full knowledge of other University administrators and/or employees who could testify to the same facts, is not sought for a proper purpose. Instead, the subject deposition would only  annoy, harass, and unduly burden the University by interfering with President Wollman's performance of her important duties as chief executive, at a critical time for the University. President Wollman's deposition therefore violates the apex doctrine, and good cause exists for issuance of a protective order.

"Courts have significant discretion when resolving discovery disputes." *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008). Where the deposition of a high-ranking corporate officer is challenged, courts exercise such discretion by relying on the "apex doctrine." "The doctrine recognizes that depositions of high-level officers severely burdens those officers and the entities they represent, and that adversaries might use this severe burden to their unfair advantage." *U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, CV 06-3213, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015). The doctrine therefore applies "the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard or, on a party's motion for a protective order, constitutes 'good cause' for such an order as an 'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1). Should the deposing party fail to overcome this presumption, the court must then limit or even prohibit the deposition." *Id.* at *2. To determine whether the presumption is rebutted, courts utilize the following factors: (1) whether the high-level officer "possess[es] personal or superior unique knowledge"; and (2) "whether the information

10

could be obtained from lower level employees or through less burdensome means, such as interrogatories." *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008).

Plaintiff's counsel has not demonstrated in any way whatsoever how President Wollman has any superior or unique knowledge of any subject relevant to this suit. The University has produced 44,231 documents, and Plaintiff's counsel is unable to rely on any to demonstrate superior or unique knowledge by the President concerning subjects that are relevant to this suit. Where no "special or personal unique knowledge" is shown, a deposition of an apex officer will be barred. *Id.* at 454 (prohibiting the deposition of a CEO, especially before the plaintiffs could "demonstrate the insufficiency of interrogatories or the depositions of the lower level employees before obtaining a deposition of [the] . . . CEO").

The thousands of documents produced by the University instead demonstrate that President Wollman is supported, guided, and assisted by several other University administrators, including the President's Leadership Team, the members of which meet regularly and manage many different areas of University strategic initiatives and operations based upon each individual's area of expertise and responsibility. President Wollman also works with multiple teams of advisers, who marshal facts and maintain many front-line contacts. As evidenced by the list of University administrators and/or employees Plaintiff has indicated she intends to depose (*see* Ex. "A"), Plaintiff's counsel is clearly aware of other individuals who may possess facts relevant to this suit and are therefore suitable for deposition. This, alone, warrants prohibiting President Wollman's deposition.[6]

---

[6] *See, e.g.*, *U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, CV 06-3213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015) (prohibiting an apex officer deposition where the officer asserted that "more convenient, less burdensome, or less expensive alternatives" existed for obtaining the sought discovery); *Roman v. Cumberland Ins. Group*, CIV. A. 07-CV-1201, 2007 WL 4893479, at *1 (E.D. Pa. Oct. 26, 2007) (prohibiting an apex officer deposition and noting, "defendants could

Lastly, the University reopened its campuses on August 2, 2021 to all staff, faculty, and employees for the first time since March 2020.  The University's campuses are also fully reopening to students later in August 2021, including the opening of all academic and residential facilities for the first time since March 2020. Plaintiff noticed the deposition during a time when nearly all University resources and the full attention of President Wollman will be directed to overseeing the smooth and safe reopening of its campuses, all while the COVID-19 pandemic and Delta variant continue to rage across the nation and challenge reopening. President Wollman's deposition will be an unreasonable intrusion and distraction that will unnecessarily interfere with the performance of her obligations.

## V.   <u>CONCLUSION</u>

For all the foregoing reasons, as well as those set forth in the attached Motion for Protective Order, the University respectfully requests this Court enter a protective order prohibiting Plaintiff from deposing President Julie E. Wollman, Ph.D. In the alternative, the University requests this Court enter a protective order prohibiting the deposition of President Wollman unless and until Plaintiff can demonstrate that such testimony is essential and not simply harassing and cumulative of the testimony of other University administrators and employees.

---

produce additional individuals with knowledge of plaintiff's claim, such as a corporate designee under Federal Rule of Civil Procedure 30(b)(6)); *Koken v. Lexington Ins. Co.*, CIV. A. 04-2539, 2005 WL 6051364, at *1 (E.D. Pa. July 18, 2005) (citing cases and prohibiting an apex officer deposition, noting, "It also appears that plaintiff can obtain the requisite information through the process of deposing lower-ranking officials, such as defendant's personnel who handled plaintiff's claim on a day-to-day basis").

Respectfully submitted:

**LAMB MCERLANE PC**

Date: <u>August 10, 2021</u>          BY:    <u>/s/ *James C. Sargent, Jr.*</u>
James C. Sargent, Esquire
Rocco P. Imperatrice, III, Esquire
Kathleen O'Connell Bell, Esquire
3405 West Chester Pike
Newtown Square, PA 19073
Telephone: 610-353-0740
***Counsel for Defendant***
***Widener University, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing **Motion for Protective Order Prohibiting the Deposition of President Julie E. Wollman, Ph.D.** via electronic and First-Class U.S. Mail, addressed as follows:

**Joseph N. Kravec, Jr., Esquire**
Feinstein Doyle Payne & Kravec, LLC
429 Fourth Avenue
Law & Finance Bldg., Suite 1300
Pittsburgh, PA  15219
*jkravec@fdpklaw.com*

**Joseph I. Marchese, Esquire**
Alec M. Leslie, Esquire
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY  10019
*jmarchese@bursor.com*

**Counsel for Plaintiff**

**LAMB MCERLANE PC**

Date: <u>August 10, 2021</u>                BY:     <u>/s/ *James C. Sargent, Jr.*</u>
James C. Sargent, Esquire
Rocco P. Imperatrice, III, Esquire
Kathleen O'Connell Bell, Esquire
3405 West Chester Pike
Newtown Square, PA 19073
Telephone: 610-353-0740
Facsimile: 610-353-0745
**Counsel for Defendant**
**Widener University, Inc.**

14

## <u>CERTIFICATE OF GOOD FAITH</u>

The undersigned counsel for movant hereby certifies and attests that he, in good faith, conferred with counsel for Plaintiff in an effort to resolve the dispute without court action.

**LAMB MCERLANE PC**

Date: <u>August 10, 2021</u>          BY:     <u>/s/ *James C. Sargent, Jr.*</u>
                                      James C. Sargent, Esquire
                                      Rocco P. Imperatrice, III, Esquire
                                      Kathleen O'Connell Bell, Esquire
                                      3405 West Chester Pike
                                      Newtown Square, PA 19073
                                      Telephone: 610-353-0740
                                      Facsimile: 610-353-0745
                                      ***Counsel for Defendant***
                                      ***Widener University, Inc.***

15