**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

SARA BREZINSKI, individually and on
behalf of all others similarly situated,

                             Plaintiff,

        v.

WIDENER UNIVERSITY,

                             Defendant.

Case No.  2:20-cv-04939-JMY

## **PROPOSED ORDER**

   **AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff's

Response in Opposition to Defendant's Motion for Protective Order prohibiting the deposition of

former Dean of the Widener University Commonwealth Law School Christian Johnson, said

Motion is DENIED.


                                        BY THE COURT:


                                        _____
                                        The Honorable John Milton Younge
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SARA BREZINSKI, individually and on
behalf of all others similarly situated,

                 Plaintiff,

   v.

WIDENER UNIVERSITY,

                 Defendant.

Case No.  2:20-cv-04939-JMY

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF FORMER DEAN OF THE WIDENER UNIVERSITY COMMONWEALTH LAW SCHOOL CHRISTIAN JOHNSON

Plaintiff Sara Brezinski hereby responds to Defendant's Motion for Protective Order prohibiting the deposition of former Dean of the Widener University Commonwealth Law School Christian Johnson, and in support thereof, avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part.  Defendant did not attach any exhibit to its briefing.  As a result, Plaintiff cannot respond to the substance of an "Exhibit A."

5. Admitted in part.  Defendant did not attach any exhibit to its briefing.  As a result, Plaintiff cannot respond to the substance of an "Exhibit A."

6. Admitted in part.  Plaintiff does not have enough information to admit or deny Defense counsel's bald assertion that President Wollan or Dean Johnson are "policy makers and

not fact witnesses, with busy schedules."

7. Admitted in part. Defendant did not attach any exhibit to its briefing. As a result, Plaintiff cannot respond to the substance of an "Exhibit B."

8. Admitted.

9. Denied. Christian Johnson was involved in the Widener University Crisis Management Plan which is relevant to Plaintiff's claims. Johnson's responsibility in the event of a crisis (such as the Covid-19 epidemic) was to serve on the "Crisis Response Team" and "work[] with Molly Acri to determine messages for students, faculty, staff." *See* WID-031164. His testimony could be central to contractual issues as he could testify to how the shutdown of in-person education was communicated to Widener students. Plaintiff has the right under the broad Federal Discovery Rules to depose Christian Johnson and obtain evidence in support of her claims against Defendant.

10. Denied. Documents produced by Defendant demonstrate that Dean Johnson had an important role in a crisis like the Covid-19 epidemic.

11. Denied. Plaintiff has offered to depose Dean Johnson *after* depositions are conducted for other administrators and employees and work within the confines of Dean Johnson's schedule.

12. Denied. Documents produced by Defendant show that Dean Johnson had an important role in the event of an emergency like the Covid-19 epidemic. This messaging is relevant to Plaintiff's breach of contract claims because his communication could have formed the basis of an implied contract with students for in-person education. Furthermore, at this stage of the proceedings, Plaintiff's claims have not been limited to specific Widener programs or campuses.

13. Denied. Documents produced by Defendant show that Dean Johnson had an important role in the event of an emergency like the Covid-19 epidemic. His knowledge would thus be relevant to claims that depend largely on how Defendant responded to this crisis.

14. Denied.  Plaintiff's counsel has made clear that they are willing to work within the confines of Dean Johnson's schedule.

15. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

16. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

17. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

18. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

19. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

20. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

21. Denied.  Documents produced by Defendant show that Dean Johnson had an important role in the event of an emergency like the Covid-19 epidemic.  His knowledge would thus be relevant to a claim that depends largely on how Defendant responded to this crisis.

22. Denied.  Plaintiff has offered to depose Dean Johnson after depositions are conducted for other administrators and employees and work within the confines of Dean Johnson's schedule.

23. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

24. Denied.  This paragraph of Defendant's Motion contains conclusions of law to which no response is required.

WHEREFORE, Plaintiff Sara Brezinski respectfully requests that this Honorable Court deny Defendant's Motion for Protective Order prohibiting the deposition of former Dean of the Widener University Commonwealth Law School Christian Johnson.


Dated:  October 20, 2021                                Respectfully submitted,

                                                        By:  _____*s/ Alec M. Leslie*_____
                                                                 Alec M. Leslie

                                                        **BURSOR & FISHER, P.A.**
                                                        Joseph I. Marchese (*Pro Hac Vice*)
                                                        Alec M. Leslie (*Pro Hac Vice*)
                                                        888 Seventh Avenue
                                                        New York, NY 10019
                                                        Telephone:  (646) 837-7150
                                                        Facsimile:  (212) 989-9163
                                                        Email:  jmarchese@bursor.com
                                                                    aleslie@bursor.com

                                                        **FEINSTEIN DOYLE PAYNE
                                                        & KRAVEC, LLC**
                                                        429 Fourth Avenue
                                                        Law & Finance Building, Suite 1300
                                                        Pittsburgh, PA 15219
                                                        Telephone: (412) 281-8400
                                                        Facsimile: (412) 281-1007
                                                        Email: jkravec@fdpklaw.com

                                                        *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

SARA BREZINSKI, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

        v.

WIDENER UNIVERSITY,

                                    Defendant.

Case No.  2:20-cv-04939-JMY

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO PRECLUDE THE DEPOSITION OF PRESIDENT JULIE
E. WOLLMAN, PH.D.**

Plaintiff Sara Brezinski, by and through her counsel respectfully submit this Brief in Opposition to Defendant's Motion for Protective Order prohibiting the deposition of former Dean of the Widener University Commonwealth Law School Christian Johnson.

**I.      FACTUAL SUMMARY**

This suit involves contractual and extra-contractual claims being prosecuted by Plaintiff against Defendant relating to Defendant's refusal to issue refunds to students who paid for an in-person experience despite after moving classes online in the wake of the Covid-19 pandemic. The parties have exchanged written discovery. Plaintiff has not yet issued any Notices of Deposition.

**II.      QUESTIONS PRESENTED**

Q. Should the Court deny Defendant's Motion for Protective Order prohibiting the deposition of Christian Johnson?

SUGGESTED ANSWER: Yes.

### III.    ARGUMENT

An Order barring a litigant from taking a deposition is a most extraordinary measure.

*Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).  It is very unusual for a court to prohibit

the taking of a deposition altogether and absent extraordinary circumstances, such an order

would likely be in error.  *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565-66 (3d Cir.

1976).  The moving party bears a heavy burden of showing "extraordinary circumstances" that

would justify a protective order and the showing must be sufficient to overcome plaintiffs'

"legitimate and important interests in trial preparation."  *Cipollone v. Liggett Group, Inc.*, 785

F2.d 1108, 1121 (3d Cir. 1986).  Examples of "extraordinary circumstances" are rare, such as if

there is "compelling evidence that a deposition will constitute a substantial threat to a witness'

life."  *United States v. Mariani*, 178 F.R.D. 447, 448 (M.D. Pa. 1998).

Christian Johnson was involved in the Widener University Crisis Management Plan

which is relevant to Plaintiff's claims.  Johnson's responsibility in the event of a crisis (such as

the Covid-19 epidemic) was to serve on the "Crisis Response Team" and "work[] with Molly

Acri to determine messages for students, faculty, staff."  *See* WID-031164.  His testimony could

be central to contractual issues in the case as he could testify to how the shutdown of in-person

education was to be communicated to the Widener students.   His knowledge would be relevant

to claims that depend largely on how Defendant responded to this crisis because his

communication could have formed the basis of an implied contract with students for in-person

education.  Furthermore, at this stage of the proceedings, Plaintiff's claims have not been limited

to specific Widener programs or campuses.  Plaintiff has offered to depose Dean Johnson after

depositions are conducted for other administrators and employees and work within the confines

of Dean Johnson's schedule.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion for a Protective Order prohibiting the deposition of Christian Johnson. In the alternative, Plaintiff requests that this court limit Dean Johnson's deposition to four hours rather than prohibit a deposition altogether.

Dated:  October 20, 2021                                              Respectfully submitted,

By: _____*s/ Alec M. Leslie*_____
Alec M. Leslie

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*Pro Hac Vice*)
Alec M. Leslie (*Pro Hac Vice*)
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
            aleslie@bursor.com

**FEINSTEIN DOYLE PAYNE
& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: jkravec@fdpklaw.com

*Attorneys for Plaintiff*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 20th day of October, 2021, a copy of the foregoing motion was served electronically on all counsel of record via the Court's CM/ECF system.

_____ */s/ Alec M. Leslie*_____