IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SARAH BREZINKSI,** | : | |
| | : | Case No. 20-cv-4939-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **WIDENER UNIVERSITY** | : | |
| | : | |
| *Defendants* | : | |

**ORDER**

**AND NOW**, this 9th day of December, 2021, upon consideration of Defendant's Motion to Stay Discovery Pending Ruling on Dispositive Motion, it is hereby **ORDERED** as follows:

(1) Defendants' Motion to Stay is **GRANTED**; and

(2) Discovery is **STAYED** pending resolution of Defendant's Motion to Dismiss.[1]

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Rule 26(c) of the Federal Rules of Civil Procedure empowers district courts to impose a stay of discovery on a showing of good cause. Fed. R. Civ. P. 26(c). The decision of whether to stay discovery while considering a motion to dismiss is within the court's sound discretion. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001). Although the court should not automatically stay discovery because a party has filed a motion to dismiss, "'a stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.'" *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, Civ. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)). "In other words, the court should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay." *Id.*

Upon review of Defendant's Motion to Dismiss, without forming an opinion on its merits, the Motion has the potential to dispose of the entire case and eliminate the need for discovery. In such a case, the balance leans in favor of staying discovery. *Weisman*, 1995 WL 273678, at *2. We also consider the scope of the proposed discovery. To date, Defendant has already produced a significant number of documents and Widener University employees have been deposed. Plaintiff now seeks additional

deposition testimony requiring that Defendant produce multiple witnesses. Plaintiff also seeks discovery on the Covid-19 pandemic's effect on Widener University's fees, tuition and revenue, but an analysis of the full impact on Defendant's finances is hampered by the fact that the pandemic is still ongoing. Plaintiff has already been able to collect substantial discovery to date and there is no particularized harm, such as time sensitive evidence.  We are therefore satisfied that good cause exists to stay discovery and that the benefit outweighs any burden on Plaintiff.